# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LLOYD H. FREEMAN,
and MARGARET FREEMAN,

    Plaintiffs,

vs.                                    Case No. 4:14cv119-RH/CAS

H & G PROPERTIES, LLC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Plaintiffs, proceeding pro se, initiated this case on March 4, 2014, by submitting a complaint and paying the filing fee. Doc. 1. On March 10, 2014, Plaintiffs submitted a one page copy of a Writ of Possession entered on March 4, 2014, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case No. 2012 CA 1190. Doc. 3. The writ concerns property located at 143 Thompson Circle in Tallahassee, the same property at issue in Plaintiffs' complaint, doc. 1.

    The federal courts are courts of limited jurisdiction. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." FED. R. CIV. P. 8(a)(1). Plaintiffs do not provide a clear statement demonstrating that this Court has jurisdiction over this action.

Furthermore, Plaintiffs state that they believe their mortgage contracts and agreements were induced by fraud, coercion, extortion, and by violations of RICO. Doc. 1 at 2. Plaintiffs contend they were "not given due process of law" and assert "there was no consideration on the behalf of the lender." *Id.* Plaintiffs allege "the contract was an ultra vires contract which is void." *Id.*

Plaintiffs' complaint does not comply with Rule 9 which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). It is unknown from Plaintiffs' allegations which act or statement of the Defendant amounts to "fraud." Plaintiffs appear to question the legality of a promissory note, but there are no allegations that the Defendant signed a promissory note, nor is it clear when any such note may have been issued. The complaint is, therefore, deficient pursuant to Rule 9(b) because the allegations of fraud are not stated with particularity.

Moreover, this case cannot proceed in this Court because it is clear that Plaintiffs may not seek to overturn a decision relating to the foreclosure of their home. The Writ of Possession was issued on March 4, 2014, in state court case number 2012 CA 1190. Judicial notice is taken that a Final Judgment of Foreclosure was entered in that case in favor of H&G Properties, LLC, and against Plaintiffs Lloyd Freeman and Margaret Freeman on January 8, 2013. A Clerk's Certificate of Title was executed in June 2013, for the relevant property. Plaintiffs may appeal the foreclosure proceeding in the state courts of Florida, but Plaintiffs may not seek appellate review of the decision of a state court in this Court as the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44

S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994), *quoted in* Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010).  It appears that Plaintiffs' claims in this Court are barred as Plaintiffs assert they were "not given due process of law" in the underlying litigation.  Where a plaintiff's complained-of injuries stem from a foreclosure judgment, the case is barred by *Rooker-Feldman*.  AboyadeCole Bey v. BankAtl., No. 6:09-cv-1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under Rooker–Feldman because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); Distant v. Bayview Loan Servicing, LLC, No. 09-61460-CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) ("Although plead as conspiracy claims . . ., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void.  Under the *Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter."); *see also* Swiatkowski v. Citibank, 745 F.Supp.2d 150 (E.D.N.Y. 2010) (holding that *Rooker-Feldman* barred case filed by plaintiffs who sought relief an an earlier foreclosure action); Tal v. Hogan, 453 F.3d 1244 (10th Cir. 2006) (finding that claim was barred after property was condemned by

Oklahoma state court).  Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, and this case must be dismissed for lack of subject matter jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' complaint, doc. 1, be **DISMISSED with prejudice** for lack of subject matter jurisdiction and because it is bared by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**